## CONNOLLY et al. v. ELDER et al.[*]

(Circuit Court of Appeals, Ninth Circuit. October 19, 1923.)

No. 4014.

Descent and distribution ⬡71(4)—Decree awarding claimants, who failed to prove they were sole heirs, only half of intestate's estate held proper.

Where the children of decedent's half-sister, who resided in Ireland, and who, under C. S. Idaho, §§ 7793, 7805, was entitled to the entire estate providing she claimed it within five years after decedent's death, brought suit as next of kin and heirs at law entitled to inherit on failure of their mother to claim the estate within five years, against the administrator as trustee, the burden of proving that they were the only heirs was on claimants, and a decree awarding them only half of the value of the estate was proper where they failed to sustain the burden.

Ross, Circuit Judge, dissenting in part.

Appeal from the District Court of the United States for the Northern Division of the District of Idaho; Frank S. Dietrich, Judge.

Suit in equity by Robert H. Elder, as administrator of the estate of Celia Diamond, deceased, and others, against Lawrence F. Connolly, administrator of the estate of John Corbett, deceased, and others. From a decree for complainants, defendant appeals, and complainants cross-appeal. Affirmed.

C. W. Beale, of Wallace, Idaho, for appellants and cross-appellees.

Caleb Jones, B. B. Adams, and O. C. Moore, all of Spokane, Wash., for appellees and cross-appellants.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

ROSS, Circuit Judge. This is the third time that this case has been brought before us, and, by stipulation of the respective parties, the records on the two former appeals are made part of the record on the present one. The result of each of the former appeals was the reversal of the decree of the court below—the first (251 Fed. 234, 163 C. C. A. 390), directing the court to overrule the order dismissing the complaint, and requiring the defendants thereto to answer; and the second (276 Fed. 87) reversing its decree for the defendants and remanding the case for further proceedings in accordance with the views expressed by this court.

The pleadings in the case, as well as the facts, will be found stated somewhat at length in our opinions on the former appeals, a brief reference to which at this time will be sufficient.

One John Corbett died in Kootenai county, state of Idaho, January 30, 1907, leaving a considerable estate, of which Lawrence F. Connolly was appointed administrator, and upon whose petition it was subsequently distributed to himself and his brothers, John J. and William Connolly, and his sister Ellen Udell, by the probate court of that county. By their complaint in the case Celia Diamond and Bridget McGrail (their respective husbands joining them) claimed to be entitled to the entire estate of the deceased, Corbett, by reason of the fact that they were daughters of one Bridget Madden, of Ireland, who was the half-

sister of the deceased Corbett, and by reason of certain provisions of the statutes of the state of Idaho, and because of alleged frauds perpetrated by the administrator, Connolly.

In the former opinions of this court that have been referred to, it was held that the frauds complained of were sufficiently alleged and sufficiently proven.

The pertinent provisions of the Idaho statutes are as follows:

C. S. § 7792. "The property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, subject to the control of the probate court, and to the possession of any administrator appointed by that court for the purposes of administration."

C. S. § 7793. "When any person, having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it is succeeded to, and must be distributed, unless otherwise expressly provided in this code, subject to the payment of his debts, in the following manner:

\* \* \* \* \* \* \* \* \* \*

"5. If the decedent leave neither issue, husband, wife, father, mother, brother nor sister, the estate must go to the next of kin in equal degree," etc.

C. S. § 7805. "Resident aliens may take, in all cases, by succession, as citizens; and no person capable of succeeding under the provisions of this title is precluded from such succession by reason of the alienage of any relative; but no nonresident foreigner can take by succession, unless he appears and claims such succession within five years after the death of the decedent to whom he claims succession."

The complaint in the case alleged that the complainants Celia Diamond and Bridget McGrail were, at the time of the death of the deceased, Corbett, his true and lawful heirs, and as such were, and still are, entitled to succeed to his entire estate.

On the first appeal of the case to this court we cited the decision of the Supreme Court of Idaho in the case of Connolly v. Probate Court, 25 Idaho, 35, 136 Pac. 205, where that court held that, by sections 5715 and 5716 of the statutes of Idaho (Rev. Codes), it was not intended that the property of a deceased person should escheat to the state if he had any heirs who were entitled to succeed thereto, and that a nonresident foreigner could not, by failure to make application to succeed to such estate, deprive resident heirs of the right to succeed thereto. And we held that, under the statute of Idaho, "heirs" means those next of kin, citizens and residents of the United States, entitled to succeed to the person who dies intestate.

On the second appeal of the case to this court (276 Fed. 87, 92), in discussing the alleged fraud of the administrator Connolly, and in holding the proof sufficient to establish it, we said:

"The learned judge seems from his opinion to have attached great importance to the testimony given on behalf of the defendants, to the effect that the administrator did not know and had never heard of the existence of Celia Diamond or Bridget McGrail prior to the entry of the decree of distribution. But, beyond any sort of question, he did know while still administrator, and therefore trustee of the estate of the deceased, that if and when the right of succession existing in Bridget Madden should cease by reason of her failure to claim the estate within five years after the death of the deceased, there might be other 'next of kin' entitled to take by succession under and by virtue of the above-cited section 5702 of the Idaho statute which pro-

vides that: 'If the decedent leave neither issue, husband, wife, father, mother, brother nor sister, the estate must go to the next of kin in equal degree,' etc.

"For such 'next of kin,' whoever they might be, the administrator of the decedent's estate continued trustee. Yet, while occupying that relation to the estate, and to whoever might be entitled to succeed to it under the law of Idaho, the uncontradicted evidence shows that the administrator went to Ireland in the spring of 1911, taking with him a Catholic priest, and on the 10th day of April of that year obtained from Bridget Madden, the half-sister of the deceased, in consideration of $2,500 paid to her, and $1,500 paid to her lawyers, a deed purporting to convey to him the entire estate of the deceased, which was appraised under his administration, as has been seen, at $21.356 in value, and which the evidence shows in truth greatly exceeded that amount."

On the retrial in the court below, the court took the view that by the above-quoted clause of the opinion of this court rendered on the second appeal we in effect held that all "next of kin" of the deceased, Corbett, wherever residing, were entitled to succeed to the interest of the deceased equally with the complainants in the present case, and as a consequence that the latter were entitled to but one-half of the estate.

It hardly seems necessary to say that there is nothing whatever in the clause above quoted from the opinion of this court on the second appeal to justify such a construction of it. What we were there speaking of, and all that we were speaking of, was the alleged fraud of the administrator by reason of which, in another portion of the opinion, we felt bound to declare, in view of the allegations of the complaint and of the evidence in the case, that there could "be no doubt of the right of the appellants Celia Diamond and Bridget McGrail to judgment unless they failed to establish by proof the alleged fraud, or their rights are barred by limitations or laches, or by the conveyance from Bridget Madden, or by the alleged written contract by which, for a valuable consideration, Corbett provided that at his death all of his property should go to the said Lawrence F. Connolly, John J. Connolly, William Connolly, and Ellen Udell."

Nowhere in the evidence then before the court, or now before the court, does there appear any proof that either John or Patrick Madden, the two alien brothers of the complainants, was a resident of this country at the time of the death of the deceased, Corbett—an essential, under the Idaho statute, as construed by the Supreme Court of the state, to give them any right of succession to any interest in the estate of the deceased, Corbett; nor, as I view the record, is there any proof that either of them ever was, at any time, a resident of this country. I therefore consider it clear that the court below was in error in limiting the recovery of the complainants in the case to one-half of the estate of the deceased, Corbett, but, on the contrary, think them entitled to the full amount of the estate as declared by this court on the last appeal.

The record shows that the court below gave very careful consideration regarding the amount and value of the estate of the deceased, as appears from its opinion extending from page 18 to page 46 of volume 1 of the record, resulting in its conclusion that the value of the estate, with interest, amounted to $49,533.18, and that the amount of the estate that the defendant John J. Connolly actually received as dis-

tributee was $4,973.84, for one-half of which latter amount, with interest—amounting in all to $4,500—the court gave plaintiffs judgment against John J. Connolly individually, with the provision that the payment by him on account thereof should satisfy pro tanto the judgment against the administrator.

I am of the opinion that we would not be justified in interfering with those findings of fact and conclusions of the trial court, and think the case should be remanded to that court with directions to so modify the judgment as to award the plaintiffs in the suit the full value of the estate of the deceased Corbett as found, with interest as computed by it; each party to the present appeals to pay their own costs.

RUDKIN, Circuit Judge.   Judge GILBERT and myself agree that the appellees and cross-appellants are entitled to recover for the reasons stated in the opinion of Judge ROSS, but we are of opinion that the recovery was properly limited by the court below to one-half the value of the estate, for the reason that the burden was upon the appellees and cross-appellants to prove that they were the sole heirs of the intestate, and they failed to sustain that burden.   The writer concurs in the opinion solely upon the ground that the decision on the former appeal has become the law of the case.

The decree of the court below is therefore affirmed.